## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RONALD JOSEPH HAMILTON, | : | |
| #34010-037 | | |
| | : | |
| Plaintiff | | |
| | : | |
| v. | | CIVIL ACTION NO. L-06-991 |
| | : | |
| UNITED STATES OF AMERICA | | |
| | : | |
| Defendant | | |

### MEMORANDUM

Pending is Ronald Joseph Hamilton's pro se Rule 41(g) Motion for Return of $496,675.00 seized by the Drug Enforcement Administration ("DEA") incident to his arrest, and forfeited on June 8, 2000.[1] Notwithstanding the title Hamilton assigns to his pleading, this matter is more appropriately construed as an equitable challenge to administrative forfeiture of currency based on inadequate notice, and will be so considered.[2] The government has filed a Motion to Dismiss or for Summary Judgment, arguing in the alternative that this action is barred by a five-year statute of limitations, or that proper notice of the forfeiture was provided to Hamilton. The Court will DENY the Motion for Summary Judgment, subject to later renewal with sufficient verified documentation.

---

[1] Plaintiff Ronald Joseph Hamilton ("Hamilton") is a federal prisoner at FPC-Schuykill. On February 28, 2001, the Court sentenced him to 135 months incarceration for conspiracy to distribute and possess cocaine. See United States v. Hamilton, Criminal Action No. L-99-216 (D. Md 2001).

[2] See United States v. Minor, 228 F.3d 352, 357 (2000); see also United States v. Jones, 215 F.3d 467, 469 (2000) (ruling an equitable challenge to a completed forfeiture constitutes a civil action to which provisions of the Prisoner Litigation Reform Act apply).

**I. Factual Background**

The DEA seized the currency at issue in Columbia, Maryland on February 3, 2000. Shortly thereafter, the DEA initiated administrative forfeiture proceedings against the property, sending notice of its intent to Hamilton by certified mail- return receipt requested. Notices were mailed to Hamilton on March 15, 2000, and on April 25, 2000.[3] Notice was also published in the Wall Street Journal once each week for three successive weeks on March 27, April 3, and April 10, 2000.[4]

On March 15, and April 25, 2000, the DEA sent written notice of the seizure together with information on applicable forfeiture procedures to Hamilton.[5] Among the notices sent on April 25, 2000, was one addressed to Hamilton at the Talbot County Detention Center, the facility where he was then incarcerated.

---

[3]Notices were sent on March 15, 2000 to: (i) 6113 Good Hunter's Ride, Columbia, MD 21045; (ii) 10917 Huntcliff Drive, Owings Mills, MD 21117; (iii) New Era Entertainment, LLC, 359 N. Calvert Street, Baltimore, MD 21202; and (iv) Baltimore Detention Center, 401 E. Eager Street, Baltimore, MD 21202. Notices were sent on April 25, 2000 to: (v) 2810 Kinsey Avenue, Baltimore, MD 21223; (vi) 2812 Baltimore Street, Baltimore, MD 21223; (vii) 7491 Oakland Hill, Columbia, MD 21045; (viii) 3647 Paskin Pl., #4B, Gwynn Oak, MD 21207; (ix) Talbot County Detention Center, Federal and West Street, Easton, MD 21601; and (x) Lights Out Entertainment, ATNN: Ronald Joseph Hamilton Jr., 211 Cole Street, Washington, D.C. 20090. Gov't Motion for Summary Judgment, Declaration of John Hieronymus, Exhibits 1-24.

[4]Gov't Motion for Summary Judgment, Declaration of John Hieronymus, Exhibit 11.

[5]The letter accompanying the April 25, 2000, notices stated: "Although the notice states that all parties have twenty (20) days from the first date of publication in the Wall Street Journal newspaper, because of an unavoidable delay in sending this notice to you, the Drug Enforcement Administration will allow you twenty (20) days from receipt of this letter to respond as you deem appropriate." Gov't Exhibits 12, 14, 16, 18, 20, 22.

**II. Claims Presented**

Hamilton filed the instant action on April 10, 2006, asserting that the DEA failed to provide adequate notice of the forfeiture. Hamilton further contends that he never received actual notice of forfeiture while incarcerated at the Talbot County Detention Center. Additionally, he complains notice was sent more than sixty days after the date of seizure.

**III. Standard of Review**

Summary judgment is appropriate only if it is clear that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. See id. at 248.

**IV. Statute of Limitations**

    **A. The Forfeiture Occurred Prior to CAFRA**

The government posits that Hamilton's motion is untimely under the five-year statute of limitations set forth in the Civil Asset Forfeiture Reform Act (CAFRA),[6] which provides the

---

[6]The Civil Asset Forfeiture Reform Act (CAFRA), codified at 18 U.S.C. § 981 *et seq.*, provides at 18 U.S.C. § 983(e)(3) that:

> A motion under paragraph (1) may be filed not later than 5 years after the date of final publication of notice of seizure of the property.

exclusive remedy for challenges to an administrative forfeiture.  In this matter, however, forfeiture proceedings commenced (and were completed) prior to the effective date of CAFRA. This means that the six-year statute of limitations applied to equitable challenges to forfeiture prior to CAFRA is at issue here.[7]  See 28 U.S.C. § 2401(a); United States v. Minor, 228 F.3d 352, 359 (4th Cir.  2000).

### B.  Limitations Period for Equitable Challenges is Six Years

In such cases, the cause of action running the six-year limitations period accrues when the claimant is on "reasonable inquiry notice of the forfeiture, *i.e.,* the earlier of the following: when he first became aware that the government had declared the currency forfeited, or when an inquiry that he could reasonably have been expected to make would have made him aware of the forfeiture." Minor, 228 F.3d at 359.   Neither the government nor Hamilton has addressed the six-year statute of limitations, and dismissal based on a statute of limitations analysis is inappropriate at this time.

## V.  Adequacy of Notice

Prior to CAFRA, case law provided that constitutionally adequate notice of forfeiture was "reasonably calculated, under all the circumstances to apprise interested parties."  Minor, 228 F.3d at 358 (citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).  The burden is on the government to satisfy this standard.  See Minor, 228 F.3d at 358. In an administrative forfeiture proceeding, the government is not required to prove that the party

---

[7] Although the government recognizes in its pleadings that the administrative forfeiture proceedings at issue here were initiated in February of 2000, and the Civil Asset Reform Act became effective on August 25, 2000, (120 days after April 25, 2000, per Public Law l06-185), the government does not discuss the six-year limitations period that applied prior to the enactment of CAFRA. Government Supp. Reply at 4, n. 1.

4

actually received notice of the pending forfeiture. See  Dusenberry v. United States, 534 U.S. 161, 168-71 (2002); Minor, 228 F.3d at 358.  Instead, determining whether these efforts satisfy due process mandates a context-specific inquiry.  See id. [8]

The requirements of due process depend not only on the reliability of the procedure employed, but on how reliably that procedure functions in the particular facility.  See Minor, 228 F.3d. at 358. In cases where the claimant is a federal prisoner, the government must (i) send a certified letter, return receipt requested, to the facility where the prisoner is housed, (ii) show that a prison official signed for the letter, and (iii) provide evidence "that mail delivery procedures existed at that facility that 'were reasonably calculated to ensure that the notice, once addressed to [the inmate], would still reach him upon arrival at the prison (and indeed, would only be accepted were [the inmate] actually present).'" Id. (quoting United States v. One Toshiba Color Television, 213 F.3d 147, 156 (3rd Cir. 2000).  Notice sent to the inmate's relatives or former residence is insufficient.

**VI. Discussion**

Applying these requirements to the facts of this case,  only one notice, the letter sent to Hamilton at the Talbot County Detention Center, was sent to the prison facility where he was incarcerated.  Although Hamilton acknowledges notice was sent to the Talbot County Detention Center at the time he was incarcerated there, he argues "...the defendant cannot and has not shown that he was actually notified.  It is the policy of the jail to have an inmate actually sign for all

---

[8]Under CAFRA, 18 U.S.C. 983(a)(1)(A)(i),  the government must "send written notice to interested  parties, such notice shall be sent in a manner to achieve proper notice as soon as practicable, and in no case more than 60 days after the date of the seizure." Prior to CAFRA, a specific period for providing notice was not prescribed. Accordingly, Hamilton's claim that notice was sent more than 60 days after seizure is without legal merit.

certified mail. Nothing can be shown that the proper procedure was followed." [9] Hamilton's statements are unverified. In order for them to be considered in a Motion for Summary Judgment, Hamilton must make his fact assertions in an affidavit. An affidavit is a written statement that is signed by the affiant, states that it is true under the penalty of perjury, and is dated.[10] Accordingly, Hamilton's affidavit must include the following statement at the end: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct."[11] It must also state the date on which Hamilton signs it and include Hamilton's signature.

In support of its dispositive motion, the government has submitted an affidavit from John Hieronymus, DEA Forfeiture Counsel, in which he attests that Hamilton's incarceration at the Talbot Detention Center was confirmed at the time the notice was sent.[12] This satisfies the first requirement outlined in Minor, 228 F.3d at 358. In regard to the second requirement, however, the return receipt notice was signed by "Kenneth Stephen," but the signatory is not identified as a prison official.[13] The second requirement is not met.

The third requirement is also unsatisfied. In a reply brief, government counsel states that "management" at the Talbot County Detention Center informed him that there is no policy requiring inmates to sign for their certified mail.[14] Government counsel also states that he was

---

[9] Plaintiff's Reply at 3, ¶ 4.

[10] See 28 U.S.C. § 1746.

[11] See id.

[12] Motion to Dismiss, Declaration of John Hieronymus at 5, ¶ (l), Exhibit 21.

[13] See id. at 5-6, ¶ (l); Exhibit 21.

[14] Government Supp. Reply at 4.

6

told that a "staff person goes to the Post Office each day, signs for all certified mail, and transports it back to the jail. Once there, the staff person enters each piece of certified mail in a logbook that is maintained in the facility mailroom, and then the mail is distributed to the inmates."[15]

The Court cannot consider this information in the context of a motion for summary judgment. Counsel's statements are hearsay. Also, they are not made based on "personal knowledge," nor do they "set forth such facts as would be admissible in evidence...." Fed. R. Civ. P. 56(e). The information must be presented in an affidavit by a prison official with personal knowledge of prison mail procedures at the time the DEA notice was mailed to Hamilton.

## VII. Conclusion

Genuine issues of fact remain whether the notice sent to Hamilton at the Talbot County Detention Center was constitutionally adequate in light of the guidance issued by the Fourth Circuit in Minor, 228 F.3d 358. The Court will deny the government's Motion for Summary Judgment subject to renewal in accordance with the instructions herein. A separate Order setting forth the briefing schedule follows.

Dated this 7th day of March, 2007.

                                           _____/s/_____
                                           Benson Everett Legg
                                           Chief Judge

---

[15] Id.