IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RONALD JOSEPH HAMILTON, | : | |
| #34010-037 | | |
| | : | |
| Plaintiff | | |
| | : | |
| v. | | CIVIL ACTION NO. L-06-991 |
| | : | |
| UNITED STATES OF AMERICA | | |
| | : | |
| Defendant | | |

**MEMORANDUM**

Pro se plaintiff Ronald Joseph Hamilton ("Hamilton") filed a Rule 41(g) Motion for Return of $496,675.00 on April 10, 2006.[1] Now pending is the government's Motion to Dismiss or for Summary Judgment.[2] For the reasons stated herein, the Court will, by separate Order, GRANT the motion.

**I.   Background**

The Drug Enforcement Administration ("DEA") seized the $496,675.00 on February 3, 2000 in Columbia, Maryland, incident to Hamilton's arrest. Shortly thereafter, the DEA initiated administrative forfeiture proceedings against the property.

On March 15 and April 25, 2000, the DEA sent written notices of the pending forfeiture

---

[1] Ronald Joseph Hamilton ("Hamilton") is a federal prisoner at FPC-Schuykill. On February 28, 2001, the Court sentenced him to 135 months' incarceration for conspiracy to distribute and possess cocaine. See United States v. Hamilton, Criminal Action No. L-99-216 (D. Md. 2001).

[2] On March 7, 2007, the Court denied the government's Motion to Dismiss or for Summary Judgment without prejudice to re-filing and directed Hamilton to file an affidavit attesting to his personal knowledge of certified mail procedures at the detention center. (Papers No. 19 and 20). He has filed an affidavit and reply in opposition to the motion for summary judgment.

and information on applicable forfeiture procedures to Hamilton by certified mail, return receipt requested.[3] Notice was also published in the Wall Street Journal on March 27, April 3, and April 10, 2000.[4] The DEA forfeited the currency on June 8, 2000.

In the instant Motion for Return of Property, Hamilton claims that he received inadequate notice of forfeiture. Although he acknowledges that he was incarcerated at the Talbot County Detention Center when the DEA sent notice there on April 25, 2000, he argues that the government "cannot and has not shown that he was actually notified. It is the policy of the jail to have an inmate actually sign for all certified mail. Nothing can be shown that the proper procedure was followed."[5]

## II.     Standard of Review

The Court may grant summary judgment when "the pleadings, depositions, answers to

---

[3]     On March 15, 2000, the DEA sent notices to the following addresses: (i) 6113 Good Hunter's Ride, Columbia, MD 21045; (ii) 10917 Huntcliff Drive, Owings Mills, MD 21117; (iii) New Era Entertainment, LLC, 359 N. Calvert Street, Baltimore, MD 21202; and (iv) Baltimore Detention Center, 401 E. Eager Street, Baltimore, MD 21202.

On April 25, 2000, the DEA sent notices to the following addresses:  (i) 2810 Kinsey Avenue, Baltimore, MD 21223; (vi) 2812 Baltimore Street, Baltimore, MD 21223; (ii) 7491 Oakland Hill, Columbia, MD 21045; (iii) 3647 Paskin Pl., #4B, Gwynn Oak, MD 21207; (iv) Talbot County Detention Center, Federal and West Street, Easton, MD 21601; and (v) Lights Out Entertainment, ATTN: Ronald Joseph Hamilton Jr., 211 Cole Street, Washington, D.C.  20090.  Gov't Motion for Summary Judgment, Declaration of John Hieronymus, Exhibits 1-24.

[4]     Gov't Motion for Summary Judgment, Declaration of John Hieronymus, Ex.11.

[5]     Plaintiff's Reply at 3, ¶ 4.  Hamilton contends that prison policy dictates that all certified mail is to be recorded in a logbook to ". . . show the date and time of receipt, the date and time the letter is delivered to an inmate and opened in the inmate's presence, and the name of the staff member who delivered the letter to the inmate." He further alleges that "all state and federal jail[s] require an inmate to sign a logbook for certified, special, and legal mail." Plaintiff's Second Supplemental Reply at 2.   Hamilton fails to substantiate these claims either in his affidavit or by specifically referencing policy, regulations, statutes, or case law.

interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); see also Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987) (recognizing that trial judges have "an affirmative obligation" to prevent factually unsupported claims and defenses from proceeding to trial). Nevertheless, in determining whether there is a genuine issue of material fact, the Court views the facts, and all reasonable inferences to be drawn from them, in the light most favorable to the non-moving party. Pulliam Inv. Co. v. Cameo Properties, 810 F.2d 1282, 1286 (4th Cir. 1987).

### III.  Adequacy of Notice

Before it may administratively forfeit property, the DEA must (i) publish notice of its intention to forfeit the property "once a week for at least 3 successive weeks in a newspaper of general circulation in the judicial district in which the proceeding for forfeiture is brought" and (ii) send written notice to "each party who appears to have an interest in the seized article." 19 U.S.C. § 1607-09(a); 21 U.S.C. § 881.[6] The government may declare the property forfeited if no person files a timely claim for the property.[7] If a timely claim is filed, the government must bring an action in court to pursue forfeiture.[8]

Generally, a district court lacks jurisdiction over administrative forfeiture proceedings. An exception exists when a party alleges that the government failed to provide adequate notice

---

[6] The forfeiture occurred prior to August 25, 2000, the effective date of the Civil Asset Reform Act, codified at 18 U.S.C. § 981 *et seq.*

[7] See 19 U.S.C. § 1609.

[8] See 19 U.S.C. § 1608; see also Minor, 228 F.3d at 354.

of forfeiture, and, as a result, violated the claimant's due process rights. See United States v. Minor, 228 F. 3d 352, 355-57 (4th Cir. 2000). Due process does not entitle a claimant to actual notice of an administrative forfeiture. See Dusenbery v. United States, 534 U.S. 161, 168-701 (2002). Instead, it requires notice "'reasonably calculated under all the circumstances' to apprise a party of the pendency of the action." Id. at 701 (citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314-15 (1950). The burden is on the government to show adequate notice. See Dusenbery, 534 U.S. at 168; Minor, 228 F.3d at 358. Determining whether these efforts satisfy due process mandates a context-specific inquiry. See id.

In Minor, the Fourth Circuit held that when the claimant is a prisoner, the government must (i) send a certified letter, return receipt requested, to the facility where the prisoner is housed, (ii) show that a prison official signed for the letter, and (iii) provide evidence "that mail delivery procedures existed at that facility that 'were reasonably calculated to ensure that the notice, once addressed to [the inmate], would still reach him upon arrival at the prison (and indeed, would only be accepted were [the inmate] actually present).'" Id. (quoting United States v. One Toshiba Color Television, 213 F.3d 147, 156 (3d Cir. 2000)). Notice sent to a prisoner's relatives or former residence is insufficient. See Burman v. United States, 472 F. Supp. 2d 665 (D. Md. 2007).

**IV.   Analysis**

The government has satisfied the first requirement set forth in Minor. The government's verified pleadings demonstrate that the DEA sent a certified letter, return receipt requested, to the Talbot County Detention Center on April 25, 2000. Hamilton was incarcerated at that facility at

that time.[9]

The government has also satisfied the second <u>Minor</u> requirement by showing that a prison official signed for the notice. On April 27, 2000, "Kenneth Stephens" signed the return receipt for the notice sent to the Talbot County Detention Center.[10] Lieutenant Tina MacGillivray, Chief of Security at the Talbot County Detention Center, has attested that Kenneth Stephens was a senior correctional officer at the facility in April of 2000.[11]

Finally, the government has provided evidence that the Talbot County Detention Center's mail delivery procedures were reasonably calculated to ensure that inmates received their mail. Lieutenant MacGillivray has attested that the mail procedures in effect in April of 2000 required an administrative assistant or senior correctional officer to sign for certified mail and distribute it to the appropriate inmate.[12] Moreover, Lieutenant MacGillivray has attested that there is no written procedure requiring inmates to sign for certified mail. Apart from his conclusory claims, Hamilton has offered nothing to refute Lieutenant MacGillivray's verified, personal knowledge of prison mail procedures.

In sum, Hamilton has failed to proffer any credible evidence to gainsay the government's contention that the notice was "reasonably calculated under all the circumstances" to apprise him of the forfeiture. <u>See</u> <u>Dusenbery</u>, 534 U.S. at 701.

---

[9] John Hieronymus, DEA Forfeiture Counsel, attests that Hamilton's incarceration at the Talbot Detention Center was confirmed at the time the forfeiture notice was sent to the prison. Motion to Dismiss, Declaration of John Hieronymus at 5, ¶ (l), Exhibit 21.

[10] <u>See</u> <u>id</u>; <u>see</u> <u>also</u> Gov't. Second Supp. Reply, Exhibit B.

[11] Gov't Second Supp. Reply, Exhibit A.

[12] Gov't Second Supp. Reply, Exhibit A.

## V.     Conclusion

The government has met its burden of showing that its notice comported with due process. Accordingly, the Court will, by separate Order, GRANT the government's Motion for Summary Judgment.

Dated this 29th day of May, 2007.

/s/_____
Benson Everett Legg
Chief Judge
